J. G. CARLISLE CHRISTIE ET AL., PROSECUTORS, v. MAYOR AND COUNCIL OF THE BOROUGH OF BERGENFIELD, DEFENDANT.

Submitted January 31, 1930—Decided August 2, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutors, *Clyde Christie.*

For the respondent, *Winne & Banta.*

PER CURIAM.

The writ of *certiorari* in this case brings under review a street improvement ordinance of the borough of Bergenfield

and the assessments laid thereunder. It is first contended on behalf of the prosecutors that the assessments under review are invalid because notice of the introduction of the ordinance and of the time and place when and where such ordinance would be considered for final passage was not mailed to the prosecutors pursuant to the requirements of *Pamph. L.* 1926, *ch.* 228. It is conceded that the newspaper publication required by the statute was duly given.

The legislation had its inception in sections 9 and 12, respectively, of *Pamph. L.* 1917, *ch.* 152, *art.* 20, "An act concerning municipalities." Section 9 was amended by *Pamph. L.* 1918, *ch.* 163, and the pertinent features were stricken therefrom, and all of section 12 was repealed by *Pamph. L.* 1925, *ch.* 155. The last-mentioned legislation also contained substituted matter of the same purport as an amendment to section 1 of article 10 of the Municipalities act. *Pamph. L.* 1926, *ch.* 228, amended the legislation into the form existing at the time of the adoption of the ordinance in question. The wording of the present statute is sufficiently close to that of the earlier legislation to make our decision in Specht et al. *v.* City of East Orange et al. (decided at this term of court), pertinent and controlling. For the reasons there given we consider that the requirement as to mailing of a notice is directory, and that the mandatory provision of newspaper publication, when complied with, is sufficient to sustain the validity of an ordinance and of an assessment imposed thereunder.

The second point presented by prosecutors is that the plans and specifications for the work included certain drains and catch basins in North and South Demarest avenues which were included in the original contract for the improvement and were actually installed in the progress of the work at a cost of $3,267.50, although no provision had been made therefor in the ordinance. This contention is sustained by the facts and causes the assessment based thereon to be defective. The work should have been done by ordinance. *Burnett* v. *Boonton,* 75 *N. J. L.* 467. The municipality should have proceeded in its improvements along the

lines laid down by the legislature. *Gross* v. *Hague,* 99 *Id.* 457. The assessments therefore fall because they include disbursements not authorized or anticipated by the ordinance. The assessments are set aside to the end that the said sum be omitted from the aggregate to be raised and that new assessments be laid accordingly. Costs are allowed the prosecutors.